IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILILNOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MARK HACKER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. |
| | ) | |
| UNITED AIRLINES , INC., | ) | |
| | ) | Jury Demand |
| Defendants. | ) | |

**COMPLAINT AT LAW**

NOW COMES Plaintiff MARK HACKER, by and through his attorney, Anthony J. Peraica of Anthony J. Peraica & Associates, Ltd., complaining of the Defendant, UNITED AIRLINES, INC., and states as follows:

**NATURE OF ACTION**

1. Plaintiff Mark Hacker's causes of action arises under the Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et seq*., Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. §621, *et seq*., violations of the Americans with Disabilities Act of 1990, as amended, retaliatory discrimination in employment under 42 U.S.C. §1981.

**PARTIES**

2. Plaintiff, Mark Hacker (hereinafter "Plaintiff" or "Hacker"), is a 56 year old individual residing in the Village of Forest Park, County of Cook, State of Illinois.

3. Plaintiff Hacker was employed by United Airlines, Inc. as a customer service representative until he was constructively discharged from his employment in 2016.

4. Defendant, United Airlines Inc. (hereinafter "United"), is a Delaware corporation headquartered in Chicago, Illinois and doing business in the State of Illinois.

1

5. According to Defendant United's website, they have more than 82,000 employees.

6. At all relevant times, Defendant United has continuously been engaged in an industry affecting commerce under Section 101(5) of the ADA, 42 U.S.C. §12111(5), and Section 101(7) of the ADA, 42 U.S.C. §12111(7), which incorporates by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. §2000e(g) and (h).

7. At all relevant times, Defendant United has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. §12111(2).

## JURISDICTION AND VENUE

8. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331 and 1343. This action is authorized and instituted pursuant to the Americans with Disabilities Act of 1990 ("ADA") and amendments, 42 U.S.C. §12117(a) which incorporates by reference Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII") and amendments, 42 U.S.C. §2000e-5(f)(1) and (3) and the Age Discrimination in Employment Act. ("ADEA").

9. Plaintiff has timely sought Federal relief. On June 27, 2016, plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission. Plaintiff received notice of his right to sue, dated July 12, 2016, from the Equal Employment Opportunity Commission. A copy of the EEOC complaint and right to sue are attached hereto as Exhibit A and B respectively.

10. Venue lies in this district pursuant to 28 U.S.C. §1391, because plaintiff's cause of action arose in Cook County, Illinois and the defendants are doing business in and found within the boundaries of the Northern District of Illinois, Eastern Division.

## FACTS

11. Plaintiff Hacker was hired by Defendant United, in or around October 1988, and

immediately prior to his constructive discharge and termination in 2016, was employed as a Customer Service Representative.

12. Plaintiff Hacker had worked for Defendant United for 28 years in the customer service, counter worker and luggage service departments.

13. During the time of Plaintiff Hacker's employment with the Defendant United, Defendant United was told of and provided with medical documentation of Plaintiff Hacker's medical disabilities.

14. At all times relevant, Hacker has performed his job duties in an acceptable and satisfactory manner, consistent with United's standards.

15. Hacker had complained to his employer of the discriminatory treatment given to him because of his age and/or disability.

16. Hacker complained to the Defendant about being prohibited from bidding through the computerized schedule for the midnight shift that he had previously been performing.

17. The Defendant United did not consistently allow for reasonable accommodations of Plaintiff's disabilities.

18. Upon information and belief, Defendant United denied Family Medical Leave time despite being provide with all requested medical information.

19. Upon information and belief, Defendant United only allowed individuals in the Reasonable Accommodation Process the ability to bid with each other instead of with all of the employees.

20. Upon information and belief, Defendant United let known to all employees who was receiving reasonable accommodations (i.e. individuals with disabilities).

21. Upon information and belief, Defendant United did not work with disabled

employees, including the Plaintiff, to find reasonable accommodations but instead would place the employees, including the Plaintiff, on medical leave to put off accommodating them.

22. Despite asserting his rights under the ADA and ADEA, during Hacker's employment he was placed on involuntary leaves of absence, not allowed to return to work despite medical documentation to the contrary, and was issued discipline for attendance for matters involving his disabilities.

23. On June 27, 2016, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission against the Defendant for discrimination based upon his disability in violation of the Americans with Disabilities Act, age discrimination in violation of the Age Discrimination in Employment Act, and retaliation for asserting his rights.

24. Plaintiff was discharged in whole or in material part because of his disability.

25. Plaintiff was discharged in whole or in material part because of his age.

26. Plaintiff was discharged in whole or in material part in retaliation for complaints to and against Defendant.

## **COUNT I – VIOLATION OF AMERICANS WITH DISABILITIES ACT**
**(Discrimination Based Upon Disability)**

27. Plaintiff re-alleges Paragraphs 1-26 of the previous sections of the Complaint as Paragraph 27 of Count I.

28. Based on information and belief, Plaintiff was harassed based on his well-known and documented disabilities and limitations.

29. Based on information and belief, Plaintiff was discharged because the Defendant refused to accommodate his disabilities, would abruptly change his accommodations or place him on involuntary leave as a result of his disabilities and was the result of discrimination based

upon Defendant's belief that Plaintiff could not perform the essential functions of his job with modest accommodations, in violation of the ADA.

30. Based on information and belief, Plaintiff's discharge was the result of discrimination based upon disability by the Defendant, in violation of the ADA.

31. Plaintiff has exhausted his administrative remedies by filing a Charge of Discrimination, whereupon the EEOC issued a right to sue letter.

32. As a direct and proximate result of the Defendants' actions, Plaintiff suffered severe financial damages, including but not limited to loss of wages, past and future, loss of benefits, past and future, loss of career opportunities, loss of future earnings and other incidentals and benefits of employment, damage to reputation, other compensatory damages, attorneys' fees, court costs, and other damages allowable under the ADA.

33. The Defendant's wrongful actions caused and exacerbated Plaintiff great mental anguish, humiliation, anxiety, medical problems, and other emotional and psychological distress.

34. Plaintiff is entitled to the recovery of compensatory and punitive damages.

35. The Defendant's actions were willful, wanton, malicious and oppressive and justify the awarding of exemplary, liquidated and/or punitive damages.

36. Plaintiff is entitled to the recovery of compensatory damages.

37. An award of punitive damages is appropriate and necessary to deter Defendant from committing similar acts of discrimination in the future.

WHEREFORE, Plaintiff asks that judgment be entered against Defendant as follows:

A. Ordering the Defendant to immediately reinstate Plaintiff to a position with Defendant that is commensurate with his skills and experience and, when needed, reasonable accommodations;

B. Ordering the Defendant to pay to Plaintiff damages for loss of wages, past and future, loss of benefits, past and future, loss of career opportunities, loss of future earnings and other incidentals and benefits of employment, damage to reputation, medical expenses incurred for exacerbating his medical conditions, and other compensatory damages resulting from Defendants' wrongful acts, along with interest;

C. Ordering the Defendant to pay to Plaintiff the compensatory damages incurred as a result of its wrongful acts;

D. Ordering the Defendant to pay to Plaintiff punitive damages;

E. Ordering the Defendant to pay to Plaintiff the attorneys' fees, court costs, and disbursements which Plaintiff has incurred and will incur as a result of Defendant's wrongful and willful conduct; and

F. Awarding to Plaintiff such other relief as this Court deems proper.

## COUNT II – VIOLATION OF TITLE VII
### (Retaliation Based On Disability)

38. Plaintiff re-alleges Paragraphs 1-33 of the previous sections of the Complaint as Paragraph 38 of this Count II.

39. At all times throughout the course of employment, Plaintiff was qualified for his position and performed his job to the legitimate expectation of his employer and beyond.

40. Plaintiff had previously complained to Defendant United about employment discrimination and filed a lawsuit against Defendant United in December 2012. See *Hacker v. United Airlines et al.*, 12 cv 10239, N.D. Illinois, Docket No. 1.

41. Based on information and belief, Defendant's retaliation against Plaintiff was because of his disabilities, continuous complaining to management for accommodations and requests to be released to work again, and his prior litigation against his employer.

6

42. Plaintiff's filing of complaints with the Defendant resulted in harassment, involuntary leaves of absences, differing terms and conditions of employment, and ultimately termination.

43. Defendant's wrongful acts, individually and/or by and through their agents, were intentional, willful and wanton, and in total disregard and reckless indifference to Plaintiff's rights.

44. Plaintiff has exhausted his administrative remedies by filing a Charge of Discrimination, whereupon the EEOC issued a right to sue letter.

45. As a direct and proximate result of the Defendant's actions, Plaintiff suffered severe financial damages, including but not limited to loss of wages, past and future, loss of benefits, past and future, loss of career opportunities, loss of future earnings and other incidentals and benefits of employment, damage to reputation, other compensatory damages, attorneys' fees, court costs, and other damages allowable under Title VII.

46. The Defendant's actions caused and exacerbated Plaintiff's great mental anguish, humiliation, anxiety, loss of sleep, medical problems, and other emotional and psychological distress.

47. The Defendant's actions were willful, wanton, malicious and oppressive and justify the awarding of exemplary, liquidated and/or punitive damages.

48. Plaintiff is entitled to the recovery of compensatory damages.

49. An award of punitive damages is appropriate and necessary to deter Defendant from committing similar acts of retaliation in the future.

WHEREFORE, Plaintiff asks that judgment be entered against Defendant as follows:

A. Ordering the Defendant to immediately reinstate Plaintiff to a position with

Defendant that is commensurate with his skills and experience and, when needed, reasonable accommodations;

  B.  Ordering the Defendant to pay to Plaintiff damages for loss of wages, past and future, loss of benefits, past and future, loss of career opportunities, loss of future earnings and other incidentals and benefits of employment, damage to reputation, and other compensatory damages resulting from Defendant's wrongful acts, along with interest;

  C.  Ordering the Defendant to pay to Plaintiff the compensatory damages and medical damages incurred as a result of its wrongful acts;

  D.  Ordering the Defendant to pay to Plaintiff punitive damages;

  E.  Ordering the Defendant to pay to Plaintiff the attorneys' fees, court costs, and disbursements which Plaintiff has incurred and will incur as a result of Defendant's wrongful and willful conduct; and

  F.  Awarding to Plaintiff such other relief as this Court deems proper.

## COUNT III--AGE DISCRIMINATION IN EMPLOYMENT ACT
**(Age Discrimination)**

50. Plaintiff repeats and re-alleges paragraphs 1 through 26 as if fully set forth herein as Paragraph 50 of Count III.

51. At all times throughout the course of employment, Plaintiff was qualified for his position and performed his job to the legitimate expectation of his employer and beyond.

52. At the time of Plaintiff's conditional discharge and termination, he was 56 years old and had been in the Defendant's employment for 28 years.

53. Plaintiff has a federally protected right to equal treatment in the workplace.

54. Based on information and belief, after Plaintiff's employment with Defendant

terminated, the position that Plaintiff previously held was filled by a younger, similarly-situated, less qualified employee.

55. Younger employees were treated more favorably than Plaintiff in that they retained their positions, were not harassed, and were not discharged.

56. The discharge of Plaintiff from his employment with Defendant constituted and was the result of discrimination based upon age by the Defendants, in violation of the ADEA.

57. Plaintiff was discharged by Defendant because of Plaintiff's age and any proffered reason to the contrary by Defendants is pretext for unlawful discrimination.

58. Any reason given for Defendant adverse actions are a pretext for age discrimination, in that Plaintiff would not have been discharged from his employ but for Defendant's motive to discriminate against Plaintiff due to his age.

59. By the above-described actions, but not limited to the same, Defendant discriminated against Plaintiff by discharging Plaintiff because of his age, in violation of the ADEA, and treated younger employees more favorably.

60. By the above-described actions, but not limited to the same, Defendant took adverse employment action against Plaintiff which seriously affected his physical, financial, and psychological well-being, and caused him to suffer significant damages.

61. Defendant's wrongful acts, individually and/or by and through their agents, were intentional, willful and wanton, and in total disregard and reckless indifference to Plaintiff's rights under the ADEA.

62. Plaintiff has exhausted his administrative remedies, by filing an underlying Charge of Discrimination with the EEOC, whereupon the EEOC issued a right to sue letter.

63. As a direct and proximate result of the Defendant's action in discharging Plaintiff

from its employ, Plaintiff suffered severe financial damages, including but not limited to loss of wages, past and future, loss of benefits, past and future, loss of career opportunities, loss of future earnings and other incidentals and benefits of employment, damage to reputation, other compensatory damages, attorneys' fees, court costs, and other damages allowable under the ADEA.

64. The Defendant's actions in discharging Plaintiff from its employ caused and exacerbated Plaintiff's great mental anguish, humiliation, anxiety, loss of sleep, and other emotional and psychological distress.

65. The Defendant's action in discharging Plaintiff from its employ was willful, wanton, malicious and oppressive and justify the awarding of exemplary, liquidated and/or punitive damages.

66. Plaintiff is entitled to the recovery of compensatory damages.

67. An award of punitive damages is appropriate and necessary to deter Defendant from committing similar acts of unlawful age discrimination in the future.

WHEREFORE, Plaintiff asks that judgment be entered against Defendant as follows:

A) Ordering the Defendant to immediately reinstate Plaintiff and place him into a position that is commensurate with his skills and experience, and to treat Plaintiff's employment for all purposes as having been continuous as of the date Plaintiff was initially hired by Defendant;

B) Ordering the Defendant to pay to Plaintiff damages for loss of wages, past and future, loss of benefits, past and future, loss of career opportunities, loss of future earnings and other incidentals and benefits of employment, damage to reputation, and other compensatory damages resulting from the discharge, along with interest;

C) Ordering the Defendant to pay to Plaintiff the compensatory damages incurred as a result of its acts of discrimination;

D) Ordering the Defendant to pay to Plaintiff punitive damages;

E) Ordering the Defendant to pay to Plaintiff the attorneys' fees, court costs, and disbursements which Plaintiff has incurred and will incur as a result of Defendant's willful conduct; and

F) Awarding to Plaintiff such other relief as this Court deems proper.

## COUNT IV: RETALIATION IN VIOLATION OF 42 U.S.C. §1981

68. Plaintiff re-alleges Paragraphs 1-67 of the previous sections of the Complaint as if fully set forth herein as paragraph 68 of Count IV.

69. At all times throughout the course of employment, Plaintiff was qualified for his position and performed his job to the legitimate expectation of his employer and beyond.

70. Defendant's wrongful acts, individually and/or by and through its agents, were intentional, willful and wanton, and in total disregard and reckless indifference to Plaintiff's rights.

71. Plaintiff has exhausted his administrative remedies by filing a Charge of Discrimination, whereupon the EEOC issued a right to sue letter.

72. Section 1981 makes it unlawful for an employer to retaliate against an employee because that employee engaged in protected activity, such as complaining to an employer about discrimination on the job.

66. Plaintiff Hacker engaged in protected activity under 42 U.S.C. §1981 by complaining

about and reporting age discrimination under ADEA, violations of the Americans with Disabilities Act, and retaliation to Defendant. Plaintiff also placed Defendant on notice of his intent to file a complaint about United's discriminatory practices.

68. As a direct and proximate result of the Defendant's actions, Plaintiff suffered severe financial damages, including but not limited to loss of wages, past and future, loss of benefits, past and future, loss of career opportunities, loss of future earnings and other incidentals and benefits of employment, damage to reputation, other compensatory damages, attorneys' fees, court costs, and other damages allowable under 42 U.S.C. §1981.

69. The Defendant's actions caused and exacerbated Plaintiff's great mental anguish, humiliation, anxiety, loss of sleep, and other emotional and psychological distress.

70. The Defendant's actions were willful, wanton, malicious and oppressive and justify the awarding of exemplary, liquidated and/or punitive damages.

71. Plaintiff is entitled to the recovery of compensatory damages.

72. An award of punitive damages is appropriate and necessary to deter Defendant from committing similar acts of retaliation in the future.

WHEREFORE, Plaintiff asks that judgment be entered against Defendant as follows:

A. Ordering the Defendant to immediately reinstate Plaintiff to a position with Defendant that is commensurate with his skills and experience;

B. Ordering the Defendant to pay to Plaintiff damages for loss of wages, past and future, loss of benefits, past and future, loss of career opportunities, loss of future earnings and other incidentals and benefits of employment, damage to reputation, and other compensatory damages resulting from Defendant's wrongful acts, along with interest;

C. Ordering the Defendant to pay to Plaintiff the compensatory damages incurred as

a result of its wrongful acts;

      D.     Ordering the Defendant to pay to Plaintiff punitive damages;

      E.     Ordering the Defendant to pay to Plaintiff the attorneys' fees, court costs, and disbursements which Plaintiff has incurred and will incur as a result of Defendant's wrongful and willful conduct; and

      F.     Awarding to Plaintiff such other relief as this Court deems proper.

                Respectfully submitted,

              By:    s/ Anthony J. Peraica
                     ONE OF HIS ATTORNEYS

ANTHONY J. PERAICA, ARDC NO.: 6186661
ANTHONY J. PERAICA & ASSOCIATES, LTD.
ATTORNEYS FOR PLAINTIFF
5130 SOUTH ARCHER AVENUE
CHICAGO, ILLINOIS 60632
(773) 735-1700