UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MARK HACKER, | ) | |
| | ) | |
| Plaintiff, | ) | 16 C 9708 |
| | ) | |
| vs. | ) | Judge Gary Feinerman |
| | ) | |
| UNITED AIRLINES, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

Mark Hacker brought this suit against United Airlines, Inc., alleging that it violated the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq*., and the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq*. Doc. 26. The court granted summary judgment to United and entered judgment. Docs. 73-75 (reported at 2018 WL 3427911 (N.D. Ill. July 16, 2018)). United submits a bill of costs seeking $6,073.15 under Civil Rule 54(d)(1) and 28 U.S.C. § 1920. Doc. 79. Hacker opposes any award of costs on the ground that he is indigent; in the alternative, he objects to various entries in United's bill. Doc. 81. Hacker's indigence defense fails, his objections to varies entries in United's bill are sustained in part and overruled in part, and United is awarded $2,695.40 in costs.

**I.     Hacker's Indigence Defense**

Rule 54(d)(1) "provides that, '[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party.'" *Baker v. Lindgren*, 856 F.3d 498, 502 (7th Cir. 2017) (alteration in original) (quoting Fed. R. Civ. P. 54(d)(1)). A prevailing party "presumptively receives the costs of litigation and it is the losing party's burden to overcome this presumption." *Johnson v. Target Corp.*, 487 F. App'x 298, 301 (7th Cir. 2012); *see also Beamon v. Marshall & Ilsley Trust Co.*, 411 F.3d 854,

864 (7th Cir. 2005) ("There is a presumption that the prevailing party will recover costs, and the losing party bears the burden of an affirmative showing that taxed costs are not appropriate."). Like most presumptions, this one can be overcome, and "it is within the discretion of the district court to consider a plaintiff's indigenc[e] in denying costs under Rule 54(d)." *Rivera v. City of Chicago*, 469 F.3d 631, 634 (7th Cir. 2006) (internal quotation marks omitted).

*Rivera* directs district courts to undertake a two-step analysis when presented with an indigence defense to a cost award:

> First, the district court must make a threshold factual finding that the losing party is incapable of paying the court-imposed costs at this time or in the future. The burden is on the losing party to provide the district court with sufficient documentation to support such a finding. This documentation should include evidence in the form of an affidavit or other documentary evidence of both income and assets, as well as a schedule of expenses. Requiring a non-prevailing party to provide information about both income/assets and expenses will ensure that district courts have clear proof of the non-prevailing party's dire financial circumstances. Moreover, it will limit any incentive for litigants of modest means to portray themselves as indigent.
>
> Second, the district court should consider the amount of costs, the good faith of the losing party, and the closeness and difficulty of the issues raised by a case when using its discretion to deny costs. No one factor is determinative, but the district court should provide an explanation for its decision to award or deny costs.

*Id*. at 635-36 (citations and internal quotation marks omitted).

Hacker's indigence defense fails at the first step, as he has not made the threshold showing that he "is incapable of paying the court-imposed costs at this time or in the future." *Id*. at 635. The only evidence Hacker provides is a declaration addressing his continued unpaid leave from United and identifying his assets, monthly car payments, lack of public benefits, and a state court mortgage foreclosure proceeding in which he is a defendant despite claiming not to own any real estate. Doc. 81-1 at ¶¶ 1-8. By failing to quantify his "income" (*e.g.*, the financial assistance he receives from friends and family, *id*. at ¶ 1), to provide a "schedule of expenses"

beyond his monthly car payments, *id*. at ¶ 3 ($565.00/month), or to address his "future" ability to pay "court-imposed costs," Hacker has not provided "sufficient documentation to support" his indigence defense. *Rivera*, 469 F.3d at 635 (internal quotation marks omitted); *see Arce v. CTA*, 2017 WL 714107, at *2 (N.D. Ill. Feb. 23, 2017) ("[T]he evidence [the losing party] puts forward does not establish his *future* inability to pay [court-imposed costs], which is a prerequisite to any finding of indigence under *Rivera*."), *aff'd*, 738 F. App'x 355 (7th Cir. 2018).

Moreover, Hacker fails to set forth legal authority or developed argument, Doc. 81 at ¶¶ 3, 13, regarding the second step of the *Rivera* analysis—the amount of costs, his good faith, and the closeness or difficulty of the issues. Thus, even had he satisfied the first step of the *Rivera* analysis, he has forfeited the second step and thus his submission that his indigence should excuse him from paying costs. *See M.G. Skinner & Assocs. Ins. Agency, Inc. v. Norman-Spencer Agency, Inc.*, 845 F.3d 313, 321 (7th Cir. 2017) ("Perfunctory and undeveloped arguments are waived, as are arguments unsupported by legal authority."); *Puffer v. Allstate Ins. Co.*, 675 F.3d 709, 718 (7th Cir. 2012) ("[I]t is the parties' responsibility to allege facts and indicate their relevance under the correct legal standard.") (internal quotation marks omitted).

**II.     Hacker's Objections to United's Bill**

A court awarding costs pursuant to Rule 54(d)(1) must ask first "whether the cost imposed on the losing party is recoverable" under 28 U.S.C. § 1920 and, "if so, whether the amount assessed for that item was reasonable." *Majeske v. City of Chicago*, 218 F.3d 816, 824 (7th Cir. 2000). Recoverable costs include: (1) "[f]ees of the clerk and marshal"; (2) fees for "transcripts necessarily obtained for use in the case"; (3) "[f]ees and disbursements for printing and witnesses"; (4) "[f]ees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case"; (5) "[d]ocket fees"; and (6) "[c]ompensation of court appointed experts, compensation of interpreters, and salaries, fees,

expenses, and costs of special interpretation services." 28 U.S.C. § 1920. "Although a district court has discretion when awarding costs, the discretion is narrowly confined because of the strong presumption created by Rule 54(d)(1) that the prevailing party will recover costs." *Contreras v. City of Chicago*, 119 F.3d 1286, 1295 (7th Cir. 1997) (citation and internal quotation marks omitted).

As noted, Hacker objects to certain costs that United seeks to recoup. Doc. 81 at ¶¶ 7-9, 11-12. Specifically, he objects to: (1) the per-page cost of four deposition transcripts, *id*. at ¶¶ 7-9; (2) the court reporter appearance fee for three depositions, *id*. at ¶ 11; and (3) three witnesses' attendance fees, *id*. at ¶ 12.

A. **Deposition Transcript Costs**

United seeks $3,323.15 for costs associated with six depositions. Doc. 79-1 at 1, 4-8. Hacker contends that the per-page transcript rate for his, Theresa Wier's, Patricia Baylis's, and Carol Grapenthien's deposition transcripts exceed the maximum per-page rate allowed by Local Rule 54.1(b). *Id*. at ¶¶ 7-9. Local Rule 54.1(b) provides in pertinent part: "[T]he costs of the transcript or deposition shall not exceed the regular copy rate as established by the Judicial Conference of the United States and in effect at the time the transcript or deposition was filed unless some other rate was previously provided for by order of court." N.D. Ill. L.R. 54.1(b); *see Montanez v. Simon*, 755 F.3d 547, 558 (7th Cir. 2014) ("Local Rule 54.1(b) … provides that the cost of any transcript may not exceed the rate set by the United States Judicial Conference unless a higher rate was previously established by court order."). The court has not authorized any deposition transcript cost beyond the U.S. Judicial Conference's "Ordinary" per-page rate, which is $3.65/page. Doc. 81-2 at 1.

United's invoices reflect that it paid $4.05/page for the 217 pages of Hacker's deposition transcript, for a total of $878.85. Doc. 79-1 at 4. Applying the ordinary $3.65/page rate allowed

4

by Local Rule 54.1(b), Hacker asserts that the transcript cost should be reduced by $86.80, to $792.05. Doc. 81 at ¶ 7; *see Montanez*, 755 F.3d at 558-59 (affirming the district court's revising transcript cost requests "downward to bring them within the limits of Local Rule 54.1 by applying the proper per-page rate"); *Cengr v. Fusibond Piping Sys., Inc.*, 135 F.3d 445, 457 (7th Cir. 1998) (reducing the per-page cost of a deposition transcript "to conform to the copy rates established by the Judicial Conference"). United retorts that Hacker "failed to include the costs of deposition exhibits in calculating the [revised] transcript costs," Doc. 82 at 1, but does not account for the fact that the invoice charged for the deposition exhibits separately from the transcript. Doc. 79-1 at 4 (charging $74.60 for deposition exhibits). The court need not and will not make up for United's failure to properly support its position, so Hacker's objection is sustained. *See Northbrook Excess & Surplus Ins. Co. v. Procter & Gamble Co.*, 924 F.2d 633, 643 (7th Cir. 1991) (holding that the party seeking costs is "required to provide the best breakdown obtainable from retained records").

Next, United's invoices reflect that it expedited the delivery of Baylis's and Grapenthien's deposition transcripts, resulting in charges of $286.00 (61 pages) and $446.00 (95 pages), respectively, for those transcripts. Doc. 79-1 at 5. Consistent with the general rule that "[a]ny party seeking an award of costs carries the burden of showing that the requested costs were necessarily incurred and reasonable," *Trs. of Chi. Plastering Inst. Pension Trust v. Cork Plastering Co.*, 570 F.3d 890, 906 (7th Cir. 2009), a party seeking to "recover the added cost of expedited transcripts" must "show that it was reasonable and necessary to order transcripts on an expedited basis," *Se-Kure Controls, Inc. v. Vanguard Prods. Grp., Inc.*, 873 F. Supp. 2d 939, 945 (N.D. Ill. 2012) (internal quotation marks omitted). Hacker submits that unless United can explain why it expedited these transcripts, the court should apply the $3.65/page rate and reduce

5

the costs of Baylis's and Grapenthien's transcripts by $63.35 and $99.25, to $222.65 and $346.75, respectively. Doc. 81 at ¶ 9. Hacker's objection is sustained because United does not address it, let alone justify ordering expedited transcripts from depositions taken in September 2017, Doc. 64-3 at 2; Doc. 64-4 at 2, for purposes of a summary judgment motion it filed in April 2018, Doc. 60. *See Cengr*, 135 F.3d at 457 ("Defendant cannot wait until the last minute, incur additional expenses from its delay, and then stick plaintiff with the bill [for an expedited transcript]. Accordingly, we find that plaintiff is only responsible for 'ordinary' service … for an original deposition transcript.").

Finally, United's invoices show that it paid $4.05/page in addition to a $2.05/page "Original Transcript—6 Day Delivery" fee for Wier's 83-page deposition transcript, resulting in a per-page rate of $6.10/page and a total cost of $506.30. Doc. 79-1 at 6. Hacker contends that the court should apply the $3.65/page rate and thus reduce the cost of Wier's transcript by $203.35, to $302.95. Doc. 81 at ¶ 8. United does not explain why it submitted two charges for the same deposition transcript or why the per-page rate exceeded $3.65/page, thereby failing to "carr[y] its burden [to] sho[w] that the requested costs were necessarily incurred and reasonable." *Chi. Plastering*, 570 F.3d at 906; *see also Harper v. City of Chi. Heights*, 223 F.3d 593, 605 (7th Cir. 2000) ("[W]hen a fee petition is vague or inadequately documented, a district court may … strike the problematic entries … ."); *Cengr*, 135 F.3d at 457; *Se-Kure*, 873 F. Supp. 2d at 945. The court therefore sustains Hacker's objection to Wier's transcript cost as well.

Accordingly, the court reduces United's claimed deposition costs by $452.75 ($86.80 plus $63.35 plus $99.25 plus $203.35), which reduces United's recovery of such costs from $3,323.15 to $2,870.40.

6

### B. Court Reporter Appearance Fee

Hacker also objects that the $245.00 court reporter appearance fee that United seeks for his seven-hour deposition ($35/hour) and the $300.00 court reporter appearance fee sought for Jeffrey Cohen's and Wier's depositions exceed the maximum fee allowed by Local Rule 54.1(b). Doc. 81 at ¶ 11 (citing Doc. 79-1 at 4, 7-8). Local Rule 54.1(b) provides in pertinent part: "Court reporter appearance fees may be awarded in addition to the per page [transcript] limit, but the fees shall not exceed the published rates on the [Northern District of Illinois] website unless another rate was previously provided by order of the court." N.D. Ill. L.R. 54.1(b). The court did not authorize court reporter attendance rates beyond those allowed under Local Rule 54.1(b), which are "$110 for one half day (4 hours or less), and $220 for a full day" of depositions. *Wilson v. Career Educ. Corp.*, 2016 WL 1719770, at *3 (N.D. Ill. Apr. 29, 2016) (internal quotation marks omitted); Doc. 81-2 at 2.

Hacker submits that the $245.00 appearance fee for his deposition exceeds by $25.00 the $220.00 full-day attendance fee allowed under Local Rule 54.1(b). Doc. 81 at ¶ 11. Hacker similarly asserts that the $300.00 appearance fee for Cohen's deposition exceeds by $190.00 the $110.00 half-day appearance fee allowed under Local Rule 54.1(b). *Ibid*. United fails to respond to either contention, resulting in a forfeiture. *See Portalatin v. Blatt, Hasenmiller, Leibsker & Moore, LLC*, 900 F.3d 377, 387 n.9 (7th Cir. 2018) ("Portalatin does not directly or fully respond to Blatt's argument that … she is not entitled to an award of attorney's fees or costs, and she therefore forfeited any pertinent arguments."); *Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 466 (7th Cir. 2010) ("Failure to respond to an argument … results in waiver.").

Hacker's argument regarding the $300.00 court reporter appearance fee for Wier's deposition cannot be reconciled with United's invoice, which shows that the appearance fee was only $70.00. Doc. 79-1 at 6. Hacker's objection to the appearance fee for Wier's deposition is

therefore overruled, although the court notes that United does claim a $300.00 court reporter appearance fee for Steve Kim's deposition. *Id*. at 8. Because United does not explain how any court reporter appearance fee could exceed $220.00 under Local Rule 54.1(b), the court reduces the appearance fee for Kim's deposition by $80.00, to $220.00.

Hacker does not challenge any other aspect of United's request for deposition costs, so any such challenge is forfeited. *See Lauth v. Covance, Inc.*, 863 F.3d 708, 718 (7th Cir. 2017) ("By failing to file a motion challenging any of those costs … , [the losing party] waived such a challenge."); *Alioto v. Town of Lisbon*, 651 F.3d 715, 721 (7th Cir. 2011) ("We apply [the forfeiture] rule where a party fails to develop arguments related to a discrete issue … ."). Accordingly, the court further reduces United's recovery of deposition costs by $295.00 ($25.00 plus $190.00 plus $80.00), from $2,870.40 to $2,575.40.

### C. Witness Attendance Fees

United seeks $2,750.00 in witness attendance fees for three doctors' depositions: Wier ($500.00), Cohen ($1,300.00), and Kim ($950.00). Doc. 79-1 at 2; Doc. 82 at 1-2. Hacker argues that the court should limit United's recovery of witness attendance fees to the $40.00 daily attendance fee allowed under 28 U.S.C. § 1821(b). Doc. 81 at ¶ 12.

Settled precedent holds that expert witness fees are not recoverable as "costs" under § 1920, but that a $40.00 daily attendance fee, travel costs, and an overnight subsistence allowance are recoverable under § 1821. *See Neal v. Honeywell Inc.*, 191 F.3d 827, 834 (7th Cir. 1999) ("[T]he fees of expert witnesses … are not 'costs' [under § 1920], and thus are not compensable as costs, unless some other statute provides for reimbursement.") (emphasis omitted); *Chi. Coll. of Osteopathic Med. v. George A. Fuller Co.*, 801 F.2d 908, 909 (7th Cir. 1986) ("[A]dditional amounts paid as compensation, or fees, to expert witnesses cannot be allowed or taxed as costs in the Federal courts.") (internal quotation marks omitted); *Illinois v.*

8

*Sangamo Constr. Co.*, 657 F.2d 855, 865 (7th Cir. 1981) ("We conclude that … expenses incurred by private parties to retain expert witnesses are recoverable as costs under § 1920 only to the extent specified in § 1821."); *Adams v. Carlson*, 521 F.2d 168, 172 (7th Cir. 1975) ("Where, as here, the witnesses involved are expert witnesses, the prevailing party can recover only the statutory amounts prescribed in § 1821 and not additional expert witness fees."). United seeks no travel or subsistence costs for those witnesses, only their attendance costs. Doc. 79-1 at 2. Yet by failing to cite pertinent authority to support its contention that it can recover witness attendance fees beyond the $40.00 daily attendance fee prescribed by § 1821(b), United forfeits the point. *See Windy City Metal Fabricators & Supply, Inc. v. CIT Tech. Fin. Servs., Inc.*, 536 F.3d 663, 668 n.3 (7th Cir. 2008) ("We have made it clear that a litigant who fails to press a point by supporting it with pertinent authority, … forfeits the point.") (internal quotation marks omitted).

Accordingly, the court limits United to recovering the $40.00 statutory attendance fee for Wier, Cohen, and Kim, which reduces their witness attendance costs from $2,750.00 to $120.00.

## Conclusion

Hacker's indigence defense fails, and his objections to United's bill of costs are sustained in part and overruled in part. United's bill of costs for $6,073.15 is reduced by $3,377.75 ($747.75 in deposition costs and $2,630.00 in witness fees), resulting in a total cost award of $2,695.40.

May 29, 2019

United States District Judge